# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:15-CR-56-JRG** |
| **vs.** | § | |
| | § | |
| | § | |
| **RASHEED ABDUL AZIZ (1)** | § | |
| | § | |
| | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Rasheed Abdul Aziz's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegation 1 in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to 12 months and 1 day of imprisonment followed by 2 years of supervised release.

*Background*

After pleading guilty to the offense of Receive Stolen Firearms, a Class C felony, Defendant was sentenced on August 22, 2016, by the Honorable Michael H. Schneider, United States District Judge, to 37 months of imprisonment to be followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, mental health treatment, and participation in a vocational training program. The offense carried a statutory maximum imprisonment term of 10 years and the guideline imprisonment range, based on a total offense level of 19 and a criminal history category of III, was 37 to 46 months. Defendant completed his term of imprisonment and began serving his term of

supervised release on June 18, 2018. The case was then reassigned to Chief Judge Rodney Gilstrap on March 6, 2018.

*Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on September 11, 2018, United States Probation Officer Lupe Saucedo alleges that Defendant violated the following conditions of release:

**Allegation 1** (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. It is alleged that on August 23, 2018, Defendant submitted a urine specimen that tested positive for Phencyclidine (PCP), and that he signed an admission form and admitted to using PCP on or about August 22, 2018.

**Allegation 2** (special condition): The defendant shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of up to 180 days or upon securing a residence approved by the U.S. Probation Office and shall abide by the rules and regulations of the center. It is alleged that on August 22, 2018, Defendant was unsuccessfully discharged from the residential reentry center for violating their rules and regulations.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the

present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing PCP as alleged in the petition, he is guilty of a Grade B violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was III.  The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 8 to 14 months of imprisonment.  The remaining allegations in the petition are Grade C violations.  U.S.S.G. § 7B1.1(a).  The Guidelines provide that Defendant's guideline range for a Grade C violation is 5 to 11 months of imprisonment.  U.S.S.G. § 7B1.4(a).  The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense.  U.S.S.G. § 7B1.1(b).

### Hearing

On October 10, 2018, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Allen Hurst announced that an agreement was reached with Defendant and Defendant's counsel, Assistant Federal Defender Ken Hawk, for Defendant to enter a plea of true to Allegation 1 in the petition and to jointly request a sentence of 12 months and 1 day of imprisonment followed by 2 years of supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings."  *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

"true" to Allegation 1 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana to facilitate family visitation.

***Findings and Conclusions***

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 12 months and 1 day of imprisonment followed by 2 years of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 12 months and 1 day of imprisonment followed by 2 years of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to 12 months and 1 day of imprisonment followed by 2 years of supervised release with a recommendation to the Bureau of Prisons to designate Defendant to FCI Texarkana.

So ORDERED and SIGNED this 10th day of October, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE