**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § § **CASE NUMBER 6:15-CR-00056-JCB-JDL** <br> **v.** § § § § <br> **RASHEED ABDUL AZIZ,** § § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On July 06, 2020, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Rasheed Abdul Aziz. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Receive Stolen Firearms, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range based on total offense level of 19 and criminal history category of III, was 37 to 46 months. On August 22, 2016, District Judge Michael H. Schneider sentenced Defendant to 37 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, mental health treatment, participation in a vocational training program, and a $100 special assessment fee. On June 18, 2018, Defendant completed the term of imprisonment and began his term of supervised release. The original term of supervised release was revoked on October 11, 2018, and Defendant was sentenced to 12 months and 1 day imprisonment followed by a 2-year term of supervised release, which started on July 25, 2019.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release by possessing cocaine on or about September 17, 2019, and March 13, 2020, based on lab results and admitted use. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing cocaine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the condition of supervision referenced above by committing the acts relating to possession of cocaine as alleged in the government's petition. In exchange, the government agreed to recommend a sentence of 8 months imprisonment, with no supervised release to follow.

The Court therefore **RECOMMENDS** that Defendant Rasheed Abdul Aziz's plea of true be accepted and he be sentenced to 8 months imprisonment, with no supervised release to follow. The Court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 6th day of July, 2020.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE